UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES DALEY, 09A3451,

        Plaintiff,

   -v-

JOHN VONHAGEN, Nurse Administrator,
ANGELA BARTLETT, Deputy Superintendent,
ROBERT GRIFFEN, Superintendent,
WESLEY CANFIELD, Medical Doctor
and BENJAMIN OAKS, Medical Doctor,

        Defendants.

11-CV-1071Sr
ORDER



---

## INTRODUCTION

    Plaintiff, James Daley, proceeding *pro se*, has filed a Complaint (Docket No. 1) and an Amended Complaint (Docket No. 5) against five officials or the Southport Correctional Facility and has requested leave to proceed *in forma pauperis*. (Docket Nos. 2, 4). The Court grants the Plaintiff leave to proceed as a poor person, and has reviewed the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons set forth below, the Court determines that the Amended Complaint should be construed and re-designated as a Supplemental Complaint, and that plaintiff's claims asserted in the Complaint and Supplemental Complaint must be dismissed for failure to state a claim.

## STANDARD OF REVIEW

    Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii)

seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

In evaluating a complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); see also *Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*). "A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson,* 551 U.S. at 94 (internal quotation marks and citations omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal " 'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.'" *Abbas*, 480 F.3d at 639 (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam)).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

## PLAINTIFF'S ALLEGATIONS

Plaintiff filed his original complaint on December 19, 2011. (Docket No. 1). Thereafter, before the screening of the original Complaint could be completed, plaintiff filed an Amended Complaint. (Docket No. 5). An amended complaint ordinarily supercedes an original complaint and renders it of no legal effect, *see Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)). However, in the instant matter, the Court's duty to construe *pro se* complaints with "special solicitude" and interpret them to raise the "strongest [claims] that they suggest...," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (citations omitted), leads it to deem the Amended Complaint to be a supplement to the original complaint.

While the same individuals are named as defendants in both complaints, and the claims asserted all pertain to the medical treatment plaintiff received at Southport, the Court's review of the complaints, particularly with respect to the dates of the alleged violations of plaintiff's rights, indicates that the Amended Complaint was intended to assert an additional claim or claims rather than restate or amend the claims asserted in the

3

original Complaint. The Court will accordingly direct the Clerk of the Court to re-designate the Amended Complaint as the "Supplemental Complaint," and will thus refer in this Order to both the Complaint (Docket No. 1) and the Supplemental Complaint (Docket No. 5).

As noted, plaintiff's claims all relate to his medical treatment at Southport, specifically to the medications he was prescribed. In the Second Claim of the Complaint, from which (as explained below) the First Claim stems, plaintiff alleges that on July 17, 2011 he was seen by defendant Southport physician Benjamin Oaks concerning the medications Flexeril and Voltaren, which were not working to alleviate his pain; in addition, he states that he had been on Flexeril since May, 2010 even though, he claims, it should only be used for two or three weeks. The Second Claim further alleges that plaintiff had previously, on June 3, 2011, seen defendant facility physician Wesley Canfield, who had informed him that his "psoas minor tendon" was the cause of his pain, and placed him on Flexeril and Indocin "which I was already on but on a lower dose." Plaintiff states, as the constitutional basis for the First Claim, denial of medical treatment in violation of the Eighth Amendment.

The First Claim of the Complaint, which names Nurse Administrator John VonHagen, Deputy Superintendent of Programs Angela Bartlett and Superintendent Griffen as defendants, alleges that on December 12, 2011, the defendants "granted my grievance for the pain medication for my back not working & not having the doctors giving me proper medical treatment." Plaintiff states, as the constitutional basis for his claim against these defendants, "failure to protect."

The First Claim of the Supplemental Complaint alleges that on December 7, 2009, defendants Drs. Oaks and Canfield had both prescribed muscle relaxants and anti-

4

inflammatory drugs which had not helped him with the pain that he was suffering, and asserts denial of medical treatment as the basis for the claim.

The Second Claim of the Supplemental Complaint, which names VonHagen, Bartlett and Griffen as defendants, alleges that defendants Drs. Oaks and Canfield had continued plaintiff on Flexal[1] for a year and a half even though he was supposed to be on it for 2-3 weeks. It would appear, given that plaintiff states "failure to protect" as the basis of the Second Claim against defendants Von Hagen, Bartlett and Griffen, that he is attempting to allege supervisory liability against these defendants for Drs. Oaks and Canfield's prescription of Flexal.

**DISCUSSION**

A claim for denial of medical care rises to the level of a constitutional violation only where the facts alleged show that a defendant was deliberately indifferent to a plaintiff's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S. Ct. 285, 291, 50 L. Ed.2d 251 (1976); *Ross v. Kelly*, 784 F. Supp. 35, 43-44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040, 113 S. Ct. 828, 121 L. Ed.2d 698 (1992). This standard has both an objective and subjective component. Plaintiff's medical needs must be objectively serious. "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) (quoting

---

[1] It is unclear whether plaintiff is referring to the same or different drugs when he objects to having been placed on Flexeril (Complaint) and Flexal (Supplemental Complaint). They are different drugs, though both are apparently muscle relaxants. *See* http://www.drugs.com/cdi/flexeril.html (Drug Information Online/Drugs.Com., entry on Flexeril; http://www.flexyx.com/F/Flexal.html (Flexyx drug information, entry on Flexal).

5

*Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)).

In *Harrison*, the Second Circuit pointed out that

> [medical] conditions ... vary in severity and ... a decision to leave a condition untreated will be constitutional or not depending on the facts of the particular case. Thus, a prisoner with a hang-nail has no constitutional right to treatment, but if prison officials deliberately ignore an infected gash, "the failure to provide appropriate treatment might well violate the Eighth Amendment."

*Id.* (quoting *Chance*, 143 F.3d at 702). *Compare Chance* (finding serious dental need where plaintiff alleged that he suffered extreme pain, his teeth deteriorated, and he had been unable to eat properly) and *Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1996) (deprivations of needed eyeglasses may produce consequences that "adequately meet the test of 'suffering' [under] *Gamble*'), with *Banks v. Mannoia*, 890 F. Supp. 95, 99 (N.D.N.Y. 1995) ("The serious medical need requirement contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain").

For his claim to survive this initial review, plaintiff must also adequately allege that the prison official had actual knowledge of plaintiff's serious medical needs, but was deliberately indifferent. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 1978-79, 128 L. Ed.2d 811 (1994); *Brock v. Wright*, 315 F.3d 158 (2d Cir. 2003); *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). "[N]ot every lapse in prison medical care will rise to the level of a constitutional violation." *Smith v. Carpenter*, 316 F.2d 178, 184 (2d Cir. 2003). Also, mere disagreement over the proper treatment does not create a constitutional claim because prison officials have broad discretion in determining the type and extent of

medical treatment given to inmates. *Thomas v. Pate*, 493 F.2d 151, 157 (7th Cir. 1974), *cert. denied*, 423 U.S. 877, 96 S. Ct. 149, 46 L. Ed.2d 110 (1975).

In the instant matter, even crediting plaintiff's allegations that he suffered from pain and that the medications the defendant physicians prescribed for him did not work, and assuming that the resulting failure to adequately relieve his pain constituted a serious medical condition, there are no allegations of acts or failures to act that would demonstrate deliberate indifference to plaintiff's medical needs in violation of the Eighth Amendment. Plaintiff does not allege that the defendant physicians ignored his condition or refused to prescribe medications to relieve his pain and discomfort. To the contrary, as recited above, the allegations of the Complaint and Supplemental Complaint state that Drs. Oaks and Canfield examined him, advised him of the cause of the pain he was suffering, and prescribed muscle relaxing and anti-inflammation drugs. Plaintiff's allegations also indicate that his prescriptions were changed and the dosage of one medication was reduced when he met with Dr. Canfield in June, 2011, and that the administration of Flexeril was in fact terminated in December, 2011. Plaintiff's contention that the prescriptions were not effective, or that he was kept on one or more of the drugs for a longer period than might be recommended or advisable amount to nothing more than plaintiff's disagreement with the method or duration of treatment. Such disagreements are insufficient to establish a basis for an Eighth Amendment indifference claim which requires, as indicated above, more than a showing of negligence. *See, e.g., Reyes v. Gardener*, 93 Fed. Appx. 283, 285 (2d Cir. 2004) (mere disagreement regarding appropriate prescription treatment is insufficient to establish deliberate indifference); *Morrishaw v. Druger*, 09-CV-527 (DNH/DRH), 2010 U.S. Dist. LEXIS 67606, at *8-9 (N.D.N.Y. May 25, 2010) (Magistrate's

7

Report) ("To the extent that Morrishaw is claiming that, when he advised Dr. Druger that the drops were making his eyes blurry, another prescription should have been ordered, such contentions are nothing more than a disagreement in the method of treatment. Such disagreements are insufficient to establish a basis for an Eighth Amendment claim.... At worst, it could be argued that Dr. Druger's provision of the eye drops was negligent given Morrishaw's complaints of blurriness. However, such contentions are still insufficient to support an Eighth Amendment claim."); Gipson v. LaPlante, 09-CV-1188(RNC), 2010 U.S. Dist. LEXIS 14685, at *3-4 (D. Conn. Feb. 19, 2010) ("Even assuming [the defendant physician] erred in prescribing Bactrim in the first instance, in continuing to use it, and in simultaneously ordering Loperamide, mere negligence in treating a medical condition does not violate the Eighth Amendment, and there is no indication that [the defendant] acted with a more culpable state of mind akin to criminal recklessness.").

Accordingly, the Court determines that plaintiff's claims against defendants Dr. Oakes and Dr. Canfield must dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Inasmuch as plaintiff's "failure to protect" claims in both complaints against supervisory defendants – namely, Superintendent Griffen, Deputy Superintendent of Programs Bartlett and Nurse Administrator VonHagen – are premised upon plaintiff's claims that Dr. Oakes and Dr. Canfield were deliberately indifferent to his serious medical needs, the dismissal of those claims requires the dismissal of the claims against these defendants as well. Even if the Court determined that plaintiff's allegations against Drs. Oates and Canfield established a denial of medical treatment claim, to the extent that plaintiff's assertion that defendants Griffen, Bartlett and VonHagen failed to protect him can

8

be construed as alleging that they should have intervened in Drs. Oaks and Canfield's treatment of him, his allegations would still fail to state a claim against these three defendants. Superintendents and deputy superintendents like defendants Griffen and Bartlett "are not generally involved in the treatment of inmates …," *Kemp v. Wright*, 01 CV 562 (JG), 2005 U.S. Dist. LEXIS 6624, at *25 (S.D.N.Y. Apr. 19, 2005), and it is generally reasonable for non-medical personnel to rely on qualified medical staff to deal with an inmate's medical needs. *Id.*, 2005 U.S. Dist. LEXIS 6624, at *26 (citing *McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *see also*, *Cuoco v. Moritsugu*, 222 F.3d 99, 111 (2d Cir. 2000) ("Cuoco was under medical treatment. Cuoco suggests no basis on which to conclude that Moore or Hershberger should have challenged the responsible doctors' diagnosis. One can imagine the repercussions if non-medical prison officials were to attempt to dictate the specific medical treatment to be given to particular prisoners -- for whatever reason. It was, as a matter of law, objectively reasonable for Moore and Hershberger not to have done so with respect to Cuoco"). Moreover, a prerequisite for liability under § 1983 is personal involvement by the defendants in the alleged constitutional deprivation. *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986). "Mere 'linkage in the prison chain of command' is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (citing *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985).

Plaintiff's allegations in the instant matter do not suggest any reason why Griffen or Bartlett should have intervened in the medical treatment prescribed by Drs. Oaks and

Canfield, nor does plaintiff allege any personal involvement by them in his medical treatment. Moreover, to the extent that the First Claim of the Complaint alleges that they, together with defendant VonHagen, granted his grievance with respect to his complaint about the effectiveness of the pain medication he had been prescribed, this result would indicate that the defendants *did* protect plaintiff when the matter properly came to their attention. Plaintiff does not allege any personal involvement with respect to defendant Nurse Administrator VonHagen.

## **CONCLUSION**

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee. Accordingly, plaintiff's request to proceed *in forma pauperis* is granted. Plaintiff's Amended Complaint will be re-designated and re-docketed by the Clerk of the Court as a Supplemental Complaint. For the reasons discussed above, the Complaint, including the Supplemental Complaint, is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C.§§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion,

to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**ORDER**

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the Clerk of the Court is directed to re-docket plaintiff's Amended Complaint (Docket No. 5) as plaintiff's Supplemental Complaint;

FURTHER, that the Complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

DATED: 9/19, 2012
Buffalo, New York

JOHN T. CURTIN
United States District Judge